B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Service Is Us, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**36-3650734** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**5459 N. Broadway**<br>**Chicago, IL**<br>ZIP Code **60640** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)

☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
■ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities,
  check this box and state type of entity below.)

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding
by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined
  in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition
  of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition
  of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts,
  defined in 11 U.S.C. § 101(8) as
  "incurred by an individual primarily for
  a personal, family, or household purpose."

■ Debts are primarily
  business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must
  attach signed application for the court's consideration certifying that the
  debtor is unable to pay fee except in installments. Rule 1006(b). See Official
  Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must
  attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
■ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)
  are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,
  in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**    **\*\*\* Joseph A. Baldi 00100145 \*\*\***

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
  there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(12/11)                                                                Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Service Is Us, Inc.** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed:  **Northern District of Illinois, Eastern Division** | Case Number: **02 B 17128** | Date Filed: **5/01/02** |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X_____<br>   Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)                                                                        Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Service Is Us, Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Joseph A. Baldi** _____
Signature of Attorney for Debtor(s)

**Joseph A. Baldi  00100145**
Printed Name of Attorney for Debtor(s)

**Baldi Berg & Wallace, Ltd.**
Firm Name

**19 South LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

Address

                              **Email: jabaldi@ameritech.net**
**312-726-8150  Fax: 312-332-4629**
Telephone Number

**March 11, 2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ David Todd Armbruster** _____
Signature of Authorized Individual

**David Todd Armbruster**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**March 11, 2012**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

Form **1120S**

**U.S. Income Tax Return for an S Corporation**

▶ Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.

OMB No. 1545-0130

**2011**

Department of the Treasury
Internal Revenue Service (77)

For calendar year 2011 or tax year beginning _____ , and ending _____

**A** S election effective date
06/14/1989

**B** Business activity code number (see instructions)
541990

**C** Check if Sch. M-3 attached ☐

TYPE OR PRINT

Name
**SERVICE IS US, INC.**

Number, street, and room or suite no. If a P.O. box, see instructions.
**5457-5459 NORTH BROADWAY**

City or town, state, and ZIP code
**CHICAGO, IL  60640**

**D** Employer identification number
████████

**E** Date incorporated
06/14/1989

**F** Total assets (see instructions)
$ 217,429.

**G** Is the corporation electing to be an S corporation beginning with this tax year?  ☐ Yes  ☒ No   If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return  **(2)** ☐ Name change  **(3)** ☐ Address change  **(4)** ☐ Amended return  **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year ............................................................................ ▶  1

Caution: Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | |
|---|---|---|---|---|
| Income | **1 a** Merchant card and third-party payment. For 2011, enter -0-  0. **b** Gross receipts or sales not reported on line 1a  2,007,701. **c** Total. Add lines 1a and 1b ▶ | | **1c** | 2,007,701. |
| | **d** Returns and allowances plus any other adjustments (see instrs.)  5,244. **e** Subtract line 1d from line 1c ▶ | | **1e** | 2,002,457. |
| | **2** Cost of goods sold (attach Form 1125-A) | | **2** | 69,692. |
| | **3** Gross profit. Subtract line 2 from line 1e | | **3** | 1,932,765. |
| | **4** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | **4** | |
| | **5** Other income (loss) (attach statement) | | **5** | |
| | **6** Total income (loss). Add lines 3 through 5 ▶ | | **6** | 1,932,765. |
| Deductions (See instructions for limitations) | **7** Compensation of officers      Statement 1 | | **7** | 60,018. |
| | **8** Salaries and wages (less employment credits) | | **8** | 1,489,482. |
| | **9** Repairs and maintenance | | **9** | 5,100. |
| | **10** Bad debts | | **10** | |
| | **11** Rents | | **11** | 56,434. |
| | **12** Taxes and licenses      Statement 2 | | **12** | 133,964. |
| | **13** Interest | | **13** | |
| | **14** Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | | **14** | |
| | **15** Depletion (Do not deduct oil and gas depletion.) | | **15** | |
| | **16** Advertising | | **16** | 6,867. |
| | **17** Pension, profit-sharing, etc., plans | | **17** | |
| | **18** Employee benefit programs | | **18** | |
| | **19** Other deductions (attach statement)      Statement 3 | | **19** | 189,623. |
| | **20** Total deductions. Add lines 7 through 19 ▶ | | **20** | 1,941,488. |
| | **21** Ordinary business income (loss). Subtract line 20 from line 6 | | **21** | -8,723. |

| | | | | |
|---|---|---|---|---|
| Tax and Payments | **22 a** Excess net passive income or LIFO recapture tax (see instructions) | **22a** | | |
| | **b** Tax from Schedule D (Form 1120S) | **22b** | | |
| | **c** Add lines 22a and 22b | | **22c** | |
| | **23 a** 2011 estimated tax payments and 2010 overpayment credited to 2011 | **23a** | | |
| | **b** Tax deposited with Form 7004 | **23b** | | |
| | **c** Credit for federal tax paid on fuels (attach Form 4136) | **23c** | | |
| | **d** Add lines 23a through 23c | | **23d** | |
| | **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached ▶ ☐ | | **24** | |
| | **25** Amount owed. If line 23d is smaller than the total of lines 22c and 24, enter amount owed | | **25** | |
| | **26** Overpayment. If line 23d is larger than the total of lines 22c and 24, enter amount overpaid | | **26** | |
| | **27** Enter amount from line 26 Credited to 2012 estimated tax ▶ _____  Refunded ▶ | | **27** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ _____          ▶ PRESIDENT
Signature of officer        Date        Title

May the IRS discuss this return with the preparer shown below (see instr.)?
☒ Yes  ☐ No

| | | | | | |
|---|---|---|---|---|---|
| Paid Preparer Use Only | Print/Type preparer's name **RICHARD I. ROSEN** | Preparer's signature | Date | Check if self-employed ☐ | PTIN **P00700388** |
| | Firm's name ▶ **KIPNIS ROSEN & BLOOM, LTD.** | | | Firm's EIN ▶ ████████ | |
| | Firm's address ▶ **5550 W. TOUHY AVE.** **SKOKIE, IL 60077** | | | Phone no. **(847) 329-1199** | |

JWA  For Paperwork Reduction Act Notice, see separate instructions.
111701
12-11-11

Form **1120S** (2011)

1

Form **1120S** (2011)      SERVICE IS US, INC.                                                                Page 2

| **Schedule B** | **Other Information** (see instructions) | Yes | No |
|---|---|---|---|

1  Check accounting method:  (a) ☐ Cash  (b) ☒ Accrual  (c) ☐ Other (specify) ▶

2  See the instructions and enter the:
   (a) Business activity ▶ OTHER SERVICES          (b) Product or service ▶ BANQUET EMPLOYMENT

3  At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a statement showing: (a) name and employer **X**

   identification number (EIN), (b) percentage owned, and (c) if 100% owned, was a qualified subchapter S subsidiary election made? ....... **X**

4  Has this corporation filed, or is it required to file, Form 8918, Material Advisor Disclosure Statement, provide information on any reportable transaction? ▶ ☐

5  Check this box if the corporation issued publicly offered debt instruments with original issue discount ..............................
   If checked, the corporation may have to file Form 8281, Information Return for Publicly Offered Original Issue Discount Instruments.

6  If the corporation: (a) was a C corporation before it elected to be an S corporation or the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation and (b) has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years ......................................................................................................... ▶ $ _____

7  Enter the accumulated earnings and profits of the corporation at the end of the tax year ................. $ _____

8  Are the corporation's total receipts (see instructions) for the tax year and its total assets at the end of the tax year **X**
   less than $250,000? If "Yes," the corporation is not required to complete Schedules L and M-1 ................................... **X**

9  During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions ............... **X**

10a Did the corporation make any payments in 2011 that would require it to file Form(s) 1099 (see instructions)? ...................
   b If "Yes," did the corporation file or will it file all required Forms 1099? ........................................................ **Total amount**

| **Schedule K** | **Shareholders' Pro Rata Share Items** | | |
|---|---|---|---|
| | 1  Ordinary business income (loss) (page 1, line 21) | 1 | -8,723. |
| | 2  Net rental real estate income (loss) (attach Form 8825) | 2 | |
| Income (Loss) | 3a  Other gross rental income (loss) | 3a | |
| | b  Expenses from other rental activities (attach statement) | 3b | |
| | c  Other net rental income (loss). Subtract line 3b from line 3a | 3c | |
| | 4  Interest income | 4 | |
| | 5  Dividends: a Ordinary dividends | 5a | |
| | b  Qualified dividends | 5b | |
| | 6  Royalties | 6 | |
| | 7  Net short-term capital gain (loss) (attach Schedule D (Form 1120S)) | 7 | |
| | 8a  Net long-term capital gain (loss) (attach Schedule D (Form 1120S)) | 8a | |
| | b  Collectibles (28%) gain (loss) | 8b | |
| | c  Unrecaptured section 1250 gain (attach statement) | 8c | |
| | 9  Net section 1231 gain (loss) (attach Form 4797) | 9 | |
| | 10  Other income (loss) (see instructions) .. Type ▶ | 10 | |

Form **1120S** (2011)

JWA

111711
12-12-11

190216 351371          2011.02041 SERVICE IS US, INC.

Form 1120S (2011)   SERVICE IS US, INC.   Page **3**

**Schedule K** | Shareholders' Pro Rata Share Items (continued)

| | | Total amount |
|---|---|---|
| | **11** Section 179 deduction (attach Form 4562) | 435. |
| **Deductions** | **12a** Contributions   Statement 4 | |
| | **12b** Investment interest expense | |
| | **12c** Section 59(e)(2) expenditures (1) Type ▶ | |
| | (2) Amount ▶ | |
| | **12d** Other deductions (see instructions) Type ▶ | |
| **Credits** | **13a** Low-income housing credit (section 42(j)(5)) | |
| | **13b** Low-income housing credit (other) | |
| | **13c** Qualified rehabilitation expenditures (rental real estate) (attach Form 3468) | |
| | **13d** Other rental real estate credits (see instructions) Type ▶ | |
| | **13e** Other rental credits (see instructions) Type ▶ | |
| | **13f** Alcohol and cellulosic biofuel fuels credit (attach Form 6478) | |
| | **13g** Other credits (see instructions) Type ▶ | |
| **Foreign Transactions** | **14a** Name of country or U.S. possession ▶ | |
| | **14b** Gross income from all sources | |
| | **14c** Gross income sourced at shareholder level | |
| | Foreign gross income sourced at corporate level | |
| | **14d** Passive category | |
| | **14e** General category | |
| | **14f** Other (attach statement) | |
| | Deductions allocated and apportioned at shareholder level | |
| | **14g** Interest expense | |
| | **14h** Other | |
| | Deductions allocated and apportioned at corporate level to foreign source income | |
| | **14i** Passive category | |
| | **14j** General category | |
| | **14k** Other (attach statement) | |
| | Other information | |
| | **14l** Total foreign taxes (check one): ▶ Paid [ ]  Accrued [ ] | |
| | **14m** Reduction in taxes available for credit (attach statement) | |
| | **14n** Other foreign tax information (attach statement) | |
| **Alternative Minimum Tax (AMT) Items** | **15a** Post-1986 depreciation adjustment | |
| | **15b** Adjusted gain or loss | |
| | **15c** Depletion (other than oil and gas) | |
| | **15d** Oil, gas, and geothermal properties - gross income | |
| | **15e** Oil, gas, and geothermal properties - deductions | |
| | **15f** Other AMT items (attach statement) | |
| **Items Affecting Shareholder Basis** | **16a** Tax-exempt interest income   Statement 5 | 100. |
| | **16b** Other tax-exempt income | |
| | **16c** Nondeductible expenses | |
| | **16d** Distributions (attach statement if required) | |
| | **16e** Repayment of loans from shareholders | |
| **Other Information** | **17a** Investment income | |
| | **17b** Investment expenses | |
| | **17c** Dividend distributions paid from accumulated earnings and profits | |
| | **17d** Other items and amounts (attach statement) | |
| **Recon-ciliation** | **18** Income/loss reconciliation. Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l | -9,158. |

JWA

Form **1120S** (2011)

Form 1120S (2011)   SERVICE IS US, INC.                                        Page 4

## Schedule L — Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1 Cash | | 53,831. | | 20,624. |
| 2 a Trade notes and accounts receivable | 196,100. | | 196,805. | |
| b Less allowance for bad debts | | 196,100. | | 196,805. |
| 3 Inventories | | | | |
| 4 U.S. government obligations | | | | |
| 5 Tax-exempt securities | | | | |
| 6 Other current assets (att. stmt.) | | | | |
| 7 Loans to shareholders | | | | |
| 8 Mortgage and real estate loans | | | | |
| 9 Other investments (att. stmt.) | | | | |
| 10 a Buildings and other depreciable assets | 89,843. | | 89,843. | |
| b Less accumulated depreciation | 89,843. | 0. | 89,843. | 0. |
| 11 a Depletable assets | | | | |
| b Less accumulated depletion | | | | |
| 12 Land (net of any amortization) | | | | |
| 13 a Intangible assets (amortizable only) | | | | |
| b Less accumulated amortization | | | | |
| 14 Other assets (att. stmt.) | | | | |
| 15 Total assets | | 249,931. | | 217,429. |
| **Liabilities and Shareholders' Equity** | | | | |
| 16 Accounts payable | | 48,495. | | 25,000. |
| 17 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 Other current liabilities (att. stmt.) | Statement 7 | 295,957. | | 328,000. |
| 19 Loans from shareholders | | 49,970. | | 18,774. |
| 20 Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 Other liabilities (att. stmt.) | | | | |
| 22 Capital stock | | 1,000. | | 1,000. |
| 23 Additional paid-in capital | | | | |
| 24 Retained earnings | Statement 8 | -146,087. | | -155,345. |
| 25 Adjustments to shareholders' equity (att. stmt.) | | | | |
| 26 Less cost of treasury stock | | ( ) | | ( ) |
| 27 Total liabilities and shareholders' equity | | 249,335. | | 217,429. |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

Note: Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more - see instructions

| | | | | |
|---|---|---|---|---|
| 1 Net income (loss) per books | -9,258. | 5 Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | | |
| 2 Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | a Tax-exempt interest $ | | |
| 3 Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | | |
| a Depreciation $ | | a Depreciation $ | | |
| b Travel and entertainment $       100. | 100. | | | |
| | | 7 Add lines 5 and 6 | | |
| 4 Add lines 1 through 3 | -9,158. | 8 Income (loss) (Schedule K, line 18). Line 4 less line 7 | | -9,158. |

## Schedule M-2 — Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed (see instructions)

| | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|
| 1 Balance at beginning of tax year | -146,087. | | |
| 2 Ordinary income from page 1, line 21 | | | |
| 3 Other additions | | | |
| 4 Loss from page 1, line 21 | ( 8,723 ) | | |
| 5 Other reductions   Statement 6 | ( 535 ) | ( ) | |
| 6 Combine lines 1 through 5 | -155,345. | | |
| 7 Distributions other than dividend distributions | | | |
| 8 Balance at end of tax year. Subtract line 7 from line 6 | -155,345. | | |

11731
05-12-11   JWA                                4                         Form **1120S** (2011)

90216 351371                    2011.02041 SERVICE IS US, INC.

Form **1125-A**

(December 2011)

Department of the Treasury
Internal Revenue Service

# Cost of Goods Sold

▶ Attach to Form 1120, 1120-C, 1120-F, 1120-S, 1065, and 1065-B.

OMB No. 1545-2225

Name

SERVICE IS US, INC.

Employer identification number

| | | |
|---|---|---|
| 1 | Inventory at beginning of year | 1 | |
| 2 | Purchases | 2 | |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach statement) | 4 | |
| 5 | Other costs (attach statement)  See Statement 9 | 5 | 69,692. |
| 6 | Total. Add lines 1 through 5 | 6 | 69,692. |
| 7 | Inventory at end of year | 7 | |
| 8 | Cost of goods sold. Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return (see instructions) | 8 | 69,692. |

9 a Check all methods used for valuing closing inventory:
  (i) ☐ Cost
  (ii) ☐ Lower of cost or market
  (iii) ☐ Other (Specify method used and attach explanation) ▶ _____

b Check if there was a writedown of subnormal goods ............................................... ▶ ☐
c Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) .......... ▶ ☐
d If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed
  under LIFO ........................................................................... | 9d |
e If property is produced or acquired for resale, do the rules of Section 263A apply to the corporation? .......... ☐ Yes  ☒ No
f Was there any change in determining quantities, cost, or valuations between opening and closing inventory? .......... ☐ Yes  ☒ No
  If "Yes," attach explanation.

For Paperwork Reduction Act Notice, see separate instructions.

Form 1125-A (12-2011)

124441
01-25-12

5

13190216 351371       2011.02041 SERVICE IS US, INC.

SERVICE IS US, INC.

| Form 1120S | Compensation of Officers | | | | Statement   1 |
|---|---|---|---|---|---|

| Name of Officer | Social Security Number | Time Devoted to Business | Pct of Stock | Amount of Compensation |
|---|---|---|---|---|
| TODD ARMBRUSTER | ▓▓▓ | 1. | 100.00% | 60,018. |

| | |
|---|---|
| Total Compensation of Officers | 60,018. |
| Less: Compensation Claimed Elsewhere | |
| Employment Credit Reduction | |
| | |
| Total to Form 1120S, Page 1, Line 7 | 60,018. |

| Form 1120S | Taxes and Licenses | Statement   2 |
|---|---|---|

| Description | Amount |
|---|---|
| FRANCHISE TAXES | 235. |
| PAYROLL TAXES | 130,834. |
| SALES TAX | 2,895. |
| Total to Form 1120S, Page 1, Line 12 | 133,964. |

| Form 1120S | Other Deductions | Statement   3 |
|---|---|---|

| Description | Amount |
|---|---|
| ALARM | 140. |
| AUTO EXPENSES | 11,686. |
| COMMISIONS | 478. |
| COMPUTER EXPENSES | 1,059. |
| DUES & SUBSCRIPTIONS | 438. |
| EQUIPMENT RENTAL | 3,087. |
| GENERAL INSURANCE | 48,269. |
| GROUP INSURANCE | 25,574. |
| LICENSES | 1,308. |
| Meals and Entertainment | 100. |
| OFFICE EXPENSES | 46,042. |
| POSTAGE | 1,364. |
| PROFESSIONAL FEES | 22,525. |
| SHOP SUPPLIES | 4,433. |
| SUBCONTRACTING COSTS | 7,282. |
| SUNDRY | 44. |
| TELEPHONE | 9,502. |
| UNIFORMS AND LAUNDRY | 285. |
| UTILITIES | 6,007. |
| Total to Form 1120S, Page 1, Line 19 | 189,623. |

SERVICE IS US, INC.

| Schedule K | | | Charitable Contributions | | | Statement   4 |
|---|---|---|---|---|---|---|
| Description | No Limit | 50% / 100% Limit | 30% Limit | 20% Limit | | |
| VARIOUS ORGANIZATIONS | | 435. | | | | |
| Totals to Schedule K, Line 12a | | 435. | | | | |

| Schedule K | Nondeductible Expenses | Statement   5 |
|---|---|---|
| Description | | Amount |
| Excluded Meals and Entertainment Expenses | | 100. |
| Total to Schedule K, Line 16c | | 100. |

| Schedule M-2   Accumulated Adjustments Account- Other Reductions | Statement   6 |
|---|---|
| Description | Amount |
| Charitable Contributions | 435. |
| Nondeductible Expenses | 100. |
| Total to Schedule M-2, Line 5 - Column (a) | 535. |

| Schedule L | Other Current Liabilities | Statement   7 |
|---|---|---|
| Description | Beginning of Tax Year | End of Tax Year |
| ACCRUED EXPENSES | 15,678. | 20,289. |
| ACCRUED FEDERAL WITHHOLDING | 267,390. | 293,807. |
| ACCRUED STATE WITHHOLDING | 12,889. | 13,904. |
| Total to Schedule L, Line 18 | 295,957. | 328,000. |

SERVICE IS US, INC.

| Schedule L | Analysis of Total Retained Earnings per Books | Statement | 8 |

| Description | Amount |
|---|---|
| Balance at Beginning of Year | -146,087. |
| Net Income per Books | -9,258. |
| Distributions | 0. |
| Other Increases (decreases) | |
| | |
| Balance at End of Year - Schedule L, line 24, Column (d) | -155,345. |

| Form 1125-A | Other Costs | Statement | 9 |

| Description | Amount |
|---|---|
| EVENT COSTS | 69,692. |
| Total to Line 5 | 69,692. |

671111

| Schedule K-1<br>(Form 1120S) **2011** | | Final K-1 ☐   Amended K-1 ☐   OMB No. 1545-0130 |
|---|---|---|

| | | **Part III** | **Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items** |

Department of the Treasury
Internal Revenue Service     For calendar year 2011, or tax
                             year beginning _____
                                    ending _____

**Shareholder's Share of Income, Deductions, Credits, etc.**  ► See separate instructions.

| Part I | Information About the Corporation |
|---|---|

**A** Corporation's employer identification number
▓▓▓▓▓▓▓▓▓

**B** Corporation's name, address, city, state, and ZIP code

SERVICE IS US, INC.
5457-5459 NORTH BROADWAY
CHICAGO, IL   60640

**C** IRS Center where corporation filed return
e-file

| Part II | Information About the Shareholder |
|---|---|

**D** Shareholder's identifying number
▓▓▓▓▓▓▓▓▓

**E** Shareholder's name, address, city, state and ZIP code

TODD ARMBRUSTER
5687  RIDGE BLVD.
CHICAGO , IL 60669

**F** Shareholder's percentage of stock
ownership for tax year .................  100.000000%

For IRS Use Only

| # | Item | Value | # | Item | Value |
|---|---|---|---|---|---|
| 1 | Ordinary business income (loss) | -8,723. | 13 | Credits | |
| 2 | Net rental real estate inc (loss) | | | | |
| 3 | Other net rental income (loss) | | | | |
| 4 | Interest income | | | | |
| 5a | Ordinary dividends | | | | |
| 5b | Qualified dividends | | 14 | Foreign transactions | |
| 6 | Royalties | | | | |
| 7 | Net short-term capital gain (loss) | | | | |
| 8a | Net long-term capital gain (loss) | | | | |
| 8b | Collectibles (28%) gain (loss) | | | | |
| 8c | Unrecaptured sec 1250 gain | | | | |
| 9 | Net section 1231 gain (loss) | | | | |
| 10 | Other income (loss) | | 15 | Alternative min tax (AMT) items | |
| 11 | Section 179 deduction | | 16 | Items affecting shareholder basis | |
| | | | C* | | 100. |
| 12 | Other deductions | | | | |
| A | | 435. | | | |
| | | | 17 | Other information | |

*See attached statement for additional information.

SERVICE IS US, INC.

Schedule K-1          Nondeductible Expenses, Box 16, Code C

| Description | Amount | Shareholder Filing Instructions |
|---|---|---|
| Excluded Meals and Entertainment Expenses | 100. | See Shareholders Instructions |
| Total | 100. | |

Shareholder Number 1
11   11 2041 08041 SERVICE IS US, INC.

This list identifies the codes used on Schedule K-1 for all shareholders and provides summarized reporting information for shareholders who file Form 1040. For detailed reporting and filing information, see the separate Shareholder's Instructions for Schedule K-1 and the Instructions for your income tax return.

| | | Report on |
|---|---|---|
| **1.** | Ordinary business income (loss). Determine whether the income (loss) is passive or nonpassive and enter on your return as follows: | |
| | Passive loss | See the Shareholder's Instructions |
| | Passive income | Schedule E, line 28, column (g) |
| | Nonpassive loss | See the Shareholder's Instructions |
| | Nonpassive income | Schedule E, line 28, column (j) |
| **2.** | Net rental real estate income (loss) | See the Shareholder's Instructions |
| **3.** | Other net rental income (loss) | |
| | Net income | Schedule E, line 28, column (g) |
| | Net loss | See the Shareholder's Instructions |
| **4.** | Interest income | Form 1040, line 8a |
| **5a.** | Ordinary dividends | Form 1040, line 9a |
| **5b.** | Qualified dividends | Form 1040, line 9b |
| **6.** | Royalties | Schedule E, line 4 |
| **7.** | Net short-term capital gain (loss) | Schedule D, line 5 |
| **8a.** | Net long-term capital gain (loss) | Schedule D, line 12 |
| **8b.** | Collectibles (28%) gain (loss) | 28% Rate Gain Worksheet, line 4 (Schedule D instructions) |
| **8c.** | Unrecaptured section 1250 gain | See the Shareholder's Instructions |
| **9.** | Net section 1231 gain (loss) | See the Shareholder's Instructions |
| **10.** | Other income (loss) | |
| | Code | |
| | A Other portfolio income (loss) | See the Shareholder's Instructions |
| | B Involuntary conversions | See the Shareholder's Instructions |
| | C Sec. 1256 contracts & straddles | Form 6781, line 1 |
| | D Mining exploration costs recapture | See Pub. 535 |
| | E Other income (loss) | See the Shareholder's Instructions |
| **11.** | Section 179 deduction | See the Shareholder's Instructions |
| **12.** | Other deductions | |
| | A Cash contributions (50%) | |
| | B Cash contributions (30%) | |
| | C Noncash contributions (50%) | |
| | D Noncash contributions (30%) | |
| | E Capital gain property to 50% | See the Shareholder's Instructions |
| | F Capital gain property (20%) | |
| | G Contributions (100%) | |
| | H Investment interest expense | Form 4952, line 1 |
| | I Deductions - royalty income | Schedule E, line 18 |
| | J Section 59(e)(2) expenditures | See the Shareholder's Instructions |
| | K Deductions - portfolio (2% floor) | Schedule A, line 23 |
| | L Deductions - portfolio (other) | Schedule A, line 28 |
| | M Preproductive period expenses | See the Shareholder's Instructions |
| | N Commercial revitalization deduction from rental real estate activities | See Form 8582 instructions |
| | O Reforestation expense deduction | See the Shareholder's Instructions |
| | P Domestic production activities information | |
| | Q Qualified production activities income | See Form 8903 instructions |
| | R Employer's Form W-2 wages | Form 8903, line 7b |
| | S Other deductions | See the Shareholder's Instructions |
| **13.** | Credits | |
| | A Low-income housing credit (section 42(j)(5)) from pre-2008 buildings | |
| | B Low-income housing credit (other) from pre-2008 buildings | See the Shareholder's Instructions |
| | C Low-income housing credit (section 42(j)(5)) from post-2007 buildings | |
| | D Low-income housing credit (other) from post-2007 buildings | |
| | E Qualified rehabilitation expenditures (rental real estate) | |
| | F Other rental real estate credits | |
| | G Other rental credits | |
| | H Undistributed capital gains credit | Form 1040, line 71, box a |
| | I Alcohol and cellulosic biofuel fuels credit | |
| | J Work opportunity credit | See the Shareholder's Instructions |
| | K Disabled access credit | |
| | L Empowerment zone and renewal community employment cred... | |
| **14.** | Foreign transactions | |
| | A Name of country or U.S. possession | |
| | B Gross income from all sources | See the Shareholder's Instructions |
| | | |
| | Foreign gross income sourced at corporate level | |
| | C Passive category | |
| | D General category | Form 1116, Part I |
| | E Other | |
| | Deductions allocated and apportioned at shareholder level | |
| | F Interest expense | Form 1116, Part I |
| | G Other | Form 1116, Part I |
| | Deductions allocated and apportioned at corporate level to foreign source income | |
| | H Passive category | |
| | I General category | Form 1116, Part I |
| | J Other | |
| | K Other | |
| | L Total foreign taxes paid | Form 1116, Part II |
| | M Total foreign taxes accrued | Form 1116, Part II |
| | N Reduction in taxes available for credit | Form 1116, line 12 |
| | O Foreign trading gross receipts | Form 8873 |
| | P Extraterritorial income exclusion | Form 8873 |
| | Q Other foreign transactions | See the Shareholder's Instructions |
| **15.** | Alternative minimum tax (AMT) items | |
| | A Post-1986 depreciation adjustment | |
| | B Adjusted gain or loss | See the |
| | C Depletion (other than oil & gas) | Shareholder's |
| | D Oil, gas, & geothermal - gross income | Instructions and |
| | E Oil, gas, & geothermal - deductions | the Instructions for |
| | F Other AMT items | Form 6251 |
| **16.** | Items affecting shareholder basis | |
| | A Tax-exempt interest income | Form 1040, line 8b |
| | B Other tax-exempt income | |
| | C Nondeductible expenses | |
| | D Distributions | See the Shareholder's Instructions |
| | E Repayment of loans from shareholders | |
| **17.** | Other information | |
| | A Investment income | Form 4952, line 4a |
| | B Investment expenses | Form 4952, line 5 |
| | C Qualified rehabilitation expenditures (other than rental real estate) | See the Shareholder's Instructions |
| | D Basis of energy property | |
| | E Recapture of low-income housing credit (Section 42(j)(5)) | Form 8611, line 8 |
| | F Recapture of low-income housing credit (other) | Form 8611, line 8 |
| | G Recapture of investment credit | See Form 4255 |
| | H Recapture of other credits | See the Shareholder's Instructions |
| | I Look-back interest - completed long-term contracts | See Form 8697 |
| | J Look-back interest - income forecast method | See Form 8866 |
| | K Dispositions of property with section 179 deductions | |
| | L Recapture of section 179 deduction | |
| | M Section 453(A)(c) information | |
| | N Section 453(l) information | |
| | O Interest allocable to production expenditures | See the Shareholder's Instructions |
| | P Interest allocable to production expenditures | |
| | Q CCF nonqualified withdrawals | |
| | R Depletion information - oil and gas | |
| | S Amortization of reforestation costs | |
| | T Section 108(i) information | |
| | U Other information | |

3:22 PM

03/09/12

Accrual Basis

# SERVICE IS US, INC.
# Balance Sheet
### As of December 31, 2011

|  | Dec 31, 11 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1030 · M B Bank | 17,680.31 |
| 1050 · Cash - M B Auxiliary | 2,943.77 |
| **Total Checking/Savings** | 20,624.08 |
| **Other Current Assets** | |
| 1150 · Accounts Receivable | 196,804.84 |
| **Total Other Current Assets** | 196,804.84 |
| **Total Current Assets** | 217,428.92 |
| **Fixed Assets** | |
| 1440 · Machinery & Equip. | 7,214.20 |
| 1540 · Accum. Depr-Machinery & Equip. | -7,214.20 |
| **Total Fixed Assets** | 0.00 |
| **TOTAL ASSETS** | 217,428.92 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| 2030 · Accounts Payble | 25,000.00 |
| 2180 · Accrued Fed W/H Taxes | 293,806.74 |
| 2190 · Accrued S/W Taxes | 13,904.47 |
| 2200 · Accrued Unemployment Taxes | 20,288.98 |
| 2420 · Shareholder Loan | 18,178.10 |
| **Total Other Current Liabilities** | 371,178.29 |
| **Total Current Liabilities** | 371,178.29 |
| **Total Liabilities** | 371,178.29 |
| **Equity** | |
| 2710 · Common Stock | 1,000.00 |
| 2750 · Retained Earnings | -145,491.35 |
| Net Income | -9,258.02 |
| **Total Equity** | -153,749.37 |
| **TOTAL LIABILITIES & EQUITY** | 217,428.92 |

3:22 PM

03/09/12

Accrual Basis

# SERVICE IS US, INC.
# Profit & Loss
## January through December 2011

|  | Jan - Dec 11 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| 3020 · Sales | 2,007,701.03 |
| 3050 · Sales Return & Allowances | -5,243.93 |
| **Total Income** | 2,002,457.10 |
| **Cost of Goods Sold** | |
| 4020 · Event Costs | 69,691.74 |
| **Total COGS** | 69,691.74 |
| **Gross Profit** | 1,932,765.36 |
| **Expense** | |
| 5010 · Salaries - Officer | 60,017.94 |
| 5020 · Sal.& Wages | 1,489,482.48 |
| 5070 · Payroll Taxes | 130,833.61 |
| 5080 · Rent | 56,434.04 |
| 5090 · Utilities | 6,007.36 |
| 5120 · Advertising | 6,867.28 |
| 5130 · Alarm - Security | 139.99 |
| 5150 · Auto | 11,685.65 |
| 5165 · Bank Service Charges | 44.00 |
| 5170 · Subcontracting Costs | 7,281.52 |
| 5190 · Computer | 1,059.09 |
| 5200 · Commission | 478.25 |
| 5220 · Dues & Subscription | 437.95 |
| 5230 · Equipment Rental | 3,087.24 |
| 5240 · Insurance Group | 5,574.19 |
| 5260 · Insurance - General | 68,268.56 |
| 5320 · Licenses | 1,308.00 |
| 5350 · Office Expense | 46,042.07 |
| 5370 · Postage | 1,363.68 |
| 5380 · Professional Fees | 22,524.86 |
| 6410 · Repair & Maintenance | 5,099.75 |
| 5450 · Shop/ Store Supplies | 4,433.34 |
| 5510 · Taxes - Franchise | 235.00 |
| 5520 · Taxes - Sales | 2,895.13 |
| 5560 · Telephone | 9,501.65 |
| 5580 · Travel & Entertainment | 200.40 |
| 5590 · Uniforms & Laundry | 285.35 |
| 5650 · Donations | 435.00 |
| **Total Expense** | 1,942,023.38 |
| **Net Ordinary Income** | -9,258.02 |
| **Net Income** | -9,258.02 |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. |
| Service Is Us, Inc. | ) | |
| Debtor. | ) | |

**Affidavit Pursuant to 11 U.S.C. §1116(1)(B)**

State of Illinois)
County of Cook)

I, D. Todd Armbruster, being first duly sworn upon oath, do depose and state as follows:

1.      I am the President and Sole Shareholder of Service Is Us, Inc., the debtor and debtor-in-possession in this case. I have authority to execute this affidavit on behalf Service Is Us, Inc. and have personal knowledge of the facts set forth herein.

2.      Service Is Us, Inc. has not prepared a cash-flow statement for any period prior to the filing of its bankruptcy petition.

3.      Further affiant sayeth naught.

D. Todd Armbruster

Subscribed and sworn to before me
on March 9 , 2012.

Notary Public

"OFFICIAL SEAL"
Kristopher Willingham
Notary Public, State of Illinois
My Commission Expires April 22, 2012

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

| | | | |
|---|---|---|---|
| In re | **Service Is Us, Inc.** | Case No. | |
| | Debtor(s) | Chapter | **11** |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or chapter 9*] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Best Waiters of Chicago 3 Lorraine Ave. Woodridge, IL 60517 | Best Waiters of Chicago 3 Lorraine Ave. Woodridge, IL 60517 | | | 3,421.88 |
| City of Chicago - Dept. of Revenue 33 N. LaSalle St, Ste 700 Chicago, IL 60602 | City of Chicago - Dept. of Revenue 33 N. LaSalle St, Ste 700 Chicago, IL 60602 | 2nd Quarter Head Tax, 2011 | | 1,200.00 |
| City of Chicago - Dept. of Revenue 33 N. LaSalle St, Ste700 Chicago, IL 60602 | City of Chicago - Dept. of Revenue 33 N. LaSalle St, Ste700 Chicago, IL 60602 | 3rd Quarter Head Tax, 2011 | | 1,080.00 |
| City of Chicago - Dept. of Revenue 33 N. LaSalle St, Ste700 Chicago, IL 60602 | City of Chicago - Dept. of Revenue 33 N. LaSalle St, Ste700 Chicago, IL 60602 | 4th Quarter Head Tax, 2011 | Disputed | 984.00 |
| Cole Taylor Bank/Card Member Services PO Box 790408 St. Louis, MO 63179 | Cole Taylor Bank/Card Member Services PO Box 790408 St. Louis, MO 63179 | | | 6,715.84 |
| David Todd Armbruster 5687 N. Ridge Ave. Chicago, IL 60640 | David Todd Armbruster 5687 N. Ridge Ave. Chicago, IL 60640 | Profits put back into the company | | 100,000.00 |
| DEX ONE PO Box 9001401 Louisville, KY 40290 | DEX ONE PO Box 9001401 Louisville, KY 40290 | Yellow page ads | | 8,100.64 |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | IDES 33 S. State St, 10th flr Chicago, IL 60603 | 3rd Quarter 2010 Unemployment Tax | Disputed | 12,116.60 |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | IDES 33 S. State St, 10th flr Chicago, IL 60603 | 1st Quarter 2010 Unemployment Tax | Disputed | 20,942.55 |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | IDES 33 S. State St, 10th flr Chicago, IL 60603 | 2nd Quarter 2011 Unemployment Tax | Disputed | 18,510.94 |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | IDES 33 S. State St, 10th flr Chicago, IL 60603 | 1st Quarter 2011 Unemployment Tax | Disputed | 14,369.16 |

B4 (Official Form 4) (12/07) - Cont.

In re    **Service Is Us, Inc.**                                                    Case No. _____
                          Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|-----|-----|-----|-----|-----|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | 2nd Quarter 2010 Unemployment Tax | Disputed | 1,744.02 |
| IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | 3rd Quarter 2011 Unemployment Tax | Disputed | 1,013.57 |
| IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | 3rd Quarter 2009 Unemployment Tax | Disputed | 4,526.40 |
| IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | IDES<br>33 S. State St, 10th flr<br>Chicago, IL 60603 | 2nd Quarter 2009 Unemployment Tax | Disputed | 4,263.99 |
| Illinois Dept of Revenue<br>PO Box 19006<br>Springfield, IL 62794 | Illinois Dept of Revenue<br>PO Box 19006<br>Springfield, IL 62794 | | | 8,988.05 |
| Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn<br>Chicago, IL 60604 | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn<br>Chicago, IL 60604 | 940 and 941 Taxes, Interest & Penalties, see breakdown attached as Ex A | Disputed | 1,504,554.39 |
| Kipnis Rosen & Bloom<br>5550 W. Touhy Ave.<br>Skokie, IL 60077 | Kipnis Rosen & Bloom<br>5550 W. Touhy Ave.<br>Skokie, IL 60077 | | | 9,150.00 |
| Mohammed Rahman<br>4907 N. Winthrop Ave<br>Chicago, IL 60640 | Mohammed Rahman<br>4907 N. Winthrop Ave<br>Chicago, IL 60640 | Rent | | 4,231.17 |
| Temp Pay/JAF Station<br>C/O Top Shelf Staffing<br>PO Box 3249<br>New York, NY 10116 | Temp Pay/JAF Station<br>C/O Top Shelf Staffing<br>PO Box 3249<br>New York, NY 10116 | | | 5,137.63 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date    **March 11, 2012**_____        Signature    **/s/ David Todd Armbruster**_____
                                                              **David Todd Armbruster**
                                                              **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B6D (Official Form 6D) (12/07)

In re    **Service Is Us, Inc.**                                                                    Case No. _____

_____,
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xx-xxx0734**<br><br>**Internal Revenue Service**<br>**Mail Stop 5010 CHI**<br>**230 S. Dearborn**<br>**Chicago, IL 60604** | - | | **2001 to 2010**<br><br>**Tax Lien**<br><br>**All assets of Debtor - amount of taxes subject to lien under review, see Schedule e for full list of taxes due** | | | | | |
| | | | Value $               **Unknown** | | | | **Unknown** | **Unknown** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

__0__ continuation sheets attached

|  | Subtotal<br>(Total of this page) | 0.00 | 0.00 |
|---|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | 0.00 | 0.00 |

B6E (Official Form 6E) (4/10)

In re   **Service Is Us, Inc.**                                                    ,   Case No. _____
                                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____3____  continuation sheets attached

In re    **Service Is Us, Inc.** _____ ,    Case No. _____
                                   Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br>**City of Chicago - Dept. of Revenue**<br>**33 N. LaSalle St, Ste 700**<br>**Chicago, IL 60602** | - | | **2011**<br>**2nd Quarter Head Tax, 2011** | | | | **1,200.00** | **1,200.00** | **0.00** |
| Account No.<br>**City of Chicago - Dept. of Revenue**<br>**33 N. LaSalle St, Ste700**<br>**Chicago, IL 60602** | - | | **2011**<br>**3rd Quarter Head Tax, 2011** | | | | **1,080.00** | **1,080.00** | **0.00** |
| Account No.<br>**City of Chicago - Dept. of Revenue**<br>**33 N. LaSalle St, Ste700**<br>**Chicago, IL 60602** | - | | **2011**<br>**4th Quarter Head Tax, 2011** | | | X | **984.00** | **984.00** | **0.00** |
| Account No.<br>**IDES**<br>**33 S. State St, 10th flr**<br>**Chicago, IL 60603** | - | | **2009**<br>**2nd Quarter 2009 Unemployment Tax** | | | X | **4,263.99** | **4,263.99** | **0.00** |
| Account No.<br>**IDES**<br>**33 S. State St, 10th flr**<br>**Chicago, IL 60603** | - | | **2009**<br>**3rd Quarter 2009 Unemployment Tax** | | | X | **4,526.40** | **4,526.40** | **0.00** |

Sheet __1__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page) **12,054.39**

**12,054.39**

**0.00**

B6E (Official Form 6E) (4/10) - Cont.

In re    **Service Is Us, Inc.**                                                      ,    Case No. _____
Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | | |
| Account No. | | | | 2010 | | | | | | |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | - | | | 1st Quarter 2010 Unemployment Tax | | | X | | 20,942.55 | |
| | | | | | | | | 20,942.55 | | 0.00 |
| Account No. | | | | 2010 | | | | | | |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | - | | | 2nd Quarter 2010 Unemployment Tax | | | X | | 1,744.02 | |
| | | | | | | | | 1,744.02 | | 0.00 |
| Account No. | | | | 2010 | | | | | | |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | - | | | 3rd Quarter 2010 Unemployment Tax | | | X | | 12,116.60 | |
| | | | | | | | | 12,116.60 | | 0.00 |
| Account No. | | | | 2011 | | | | | | |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | - | | | 1st Quarter 2011 Unemployment Tax | | | X | | 14,369.16 | |
| | | | | | | | | 14,369.16 | | 0.00 |
| Account No. | | | | 2011 | | | | | | |
| IDES 33 S. State St, 10th flr Chicago, IL 60603 | - | | | 2nd Quarter 2011 Unemployment Tax | | | X | | 18,510.94 | |
| | | | | | | | | 18,510.94 | | 0.00 |

Sheet __2__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal                                        67,683.27
(Total of this page)       67,683.27           0.00

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6E (Official Form 6E) (4/10) - Cont.

In re    **Service Is Us, Inc.** _____ ,    Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | 2011 | | | | | | |
| **IDES** **33 S. State St, 10th flr** **Chicago, IL 60603** | - | | **3rd Quarter 2011 Unemployment Tax** | | | X | | **1,013.57** | |
| | | | | | | | **1,013.57** | | **0.00** |
| Account No. | | | | | | | | | |
| **Illinois Dept of Revenue** **PO Box 19006** **Springfield, IL 62794** | - | | | | | | | **8,988.05** | |
| | | | | | | | **8,988.05** | | **0.00** |
| Account No. **xx-xxx0734** | | | 2001 to 2010 | | | | | | |
| **Internal Revenue Service** **Mail Stop 5010 CHI** **230 S. Dearborn** **Chicago, IL 60604** | - | | **940 and 941 Taxes, Interest & Penalties, see breakdown attached as Ex A** | | | X | | **107,548.63** | |
| | | | | | | | **1,504,554.39** | | **1,397,005.76** |
| Account No. | | | | | | | | | |
| **Internal Revenue Service** **Cincinnati, OH 45999-0025** | | | **Representing:** **Internal Revenue Service** | | | | **Notice Only** | | |
| Account No. | | | | | | | | | |

Sheet __3__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | **117,550.25** | |
| (Total of this page) | **1,514,556.01** | **1,397,005.76** |
| Total | **197,287.91** | |
| (Report on Summary of Schedules) | **1,594,293.67** | **1,397,005.76** |

Service Is Us, Inc.
Schedule of Employment Tax Liabilities
Per IRS Notices Dated February 27, 2012

| Form | Period | Total Amount | Tax | Interest | Penalties | |
|------|--------|-------------|-----|----------|-----------|---|
| 940 | 2002 | $5,537.78 | $1,083.41 | $4,454.37 | | |
| 940 | 2004 | $5,536.39 | $3,860.24 | $1,676.15 | | |
| 940 | 2005 | $3,360.40 | $2,460.72 | $800.98 | $98.70 | |
| 940 | 2006 | $4,230.32 | $2,965.53 | $798.44 | $466.35 | |
| 940 | 2007 | $828.62 | $714.23 | $114.39 | | |
| 940 | 2008 | $313.22 | $280.42 | $32.80 | | |
| 940 | 2010 | $2,431.45 | $2,236.56 | $54.13 | $140.76 | |
| Total 940 taxes | | | | | | $22,238.18 |
| 940 Taxes entitled to priority | | | | | | $2,290.69 |
| | | | | | | |
| 941 | 6/30/2001 | $108,353.74 | $34,709.75 | $73,643.99 | | |
| 941 | 9/30/2001 | $106,700.78 | $64,638.54 | $42,062.24 | | |
| 941 | 12/31/2001 | $192,597.42 | $117,530.58 | $75,066.84 | | |
| 941 | 3/31/2002 | $96,304.74 | $59,918.04 | $36,386.70 | | |
| 941 | 3/31/2003 | $10,017.83 | $6,479.88 | $3,537.95 | | |
| 941 | 6/30/2003 | $59,962.42 | $39,248.57 | $20,713.85 | | |
| 941 | 12/31/2003 | $14,570.92 | $9,686.85 | $4,884.07 | | |
| 941 | 6/30/2004 | $32,598.38 | $22,137.56 | $10,460.82 | | |
| 941 | 9/30/2004 | $54,046.16 | $37,217.09 | $16,829.06 | $0.01 | |
| 941 | 12/31/2004 | $113,379.49 | $79,329.43 | $34,050.06 | | |
| 941 | 9/30/2005 | $67,883.17 | $48,923.29 | $17,592.65 | $1,367.23 | |
| 941 | 6/30/2006 | $23,505.00 | $15,687.31 | $4,954.22 | $2,863.47 | |
| 941 | 12/31/2006 | $41,133.66 | $27,973.25 | $7,667.98 | $5,492.43 | |
| 941 | 6/30/2007 | $87,004.59 | $61,226.78 | $13,549.73 | $12,228.08 | |
| 941 | 12/31/2007 | $46,766.68 | $33,991.96 | $6,009.77 | $6,764.95 | |
| 941 | 6/30/2009 | $79,740.50 | $63,105.61 | $4,935.12 | $11,699.77 | |
| 941 | 9/30/2009 | $110,179.61 | $85,446.95 | $7,162.14 | $17,570.52 | |
| 941 | 12/31/2009 | $111,527.39 | $88,359.04 | $6,238.86 | $16,929.49 | |
| 941 | 3/31/2010 | $39,388.99 | $32,045.19 | $1,974.31 | $5,369.49 | |
| 941 | 6/30/2010 | $66,046.75 | $57,476.69 | $2,889.33 | $5,680.73 | |
| 941 | 9/30/2010 | $20,607.99 | $18,204.07 | $768.95 | $1,634.97 | |
| Total 941 Taxes | | | | | | $1,482,316.21 |
| 941 Taxes entitled to Priority | | | | | | $1,394,715.07 |
| Total Taxes | | $1,504,554.39 | $1,016,937.54 | $399,309.90 | $88,306.95 | |
| Total Taxes Entitled to Priority | | | | | | $1,397,005.76 |

B6F (Official Form 6F) (12/07)

In re   **Service Is Us, Inc.**                                                                        ,        Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxx-xxx-xxx5-425<br><br>**AT&T** | | - | | | **Account current - for notice purposes only** | | | | 0.00 |
| Account No.<br><br>**Best Waiters of Chicago<br>3 Lorraine Ave.<br>Woodridge, IL 60517** | | - | | | | | | | 3,421.88 |
| Account No. xxxxxx3640<br><br>**Chartis Spec Wk Comp<br>22427 Network Place<br>Chicago, IL 60673** | | - | | | **Account current - for notice purposes only** | | | | 0.00 |
| Account No.<br><br>**Cole Taylor Bank/Card Member Services<br>PO Box 790408<br>St. Louis, MO 63179** | | - | | | | | | | 6,715.84 |
| __4__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | 10,137.72 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Service Is Us, Inc.** _____,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxxxx8054**<br><br>Com Ed<br>Bill Payment Center<br>Chicago, IL 60668 | - | | | Account current - for notice purposes only | | | | 0.00 |
| Account No. **xxxxxx7057**<br><br>Com Ed<br>Bill Payment Center<br>Chicago, IL 60668 | - | | | Account current - for notice purposes only | | | | 0.00 |
| Account No.<br><br>Dale & Gensburg PC<br>200 W. Adams St. Ste 2425<br>Chicago, IL 60606 | - | | | | | | | 311.56 |
| Account No.<br><br>David Todd Armbruster<br>5687 N. Ridge Ave.<br>Chicago, IL 60640 | - | | | Profits put back into the company | | | | 100,000.00 |
| Account No. **xxxxx5396**<br><br>DEX ONE<br>PO Box 9001401<br>Louisville, KY 40290 | - | | | Yellow page ads | | | | 8,100.64 |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **108,412.20**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Service Is Us, Inc.**                                                    ,       Case No. _____
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxx-xxxx-xxxx-2753** | | | | | | | | |
| **Kipnis Rosen & Bloom 5550 W. Touhy Ave. Skokie, IL 60077** | - | | | | | | | 9,150.00 |
| Account No. | | | | Rent | | | | |
| **Mohammed Rahman 4907 N. Winthrop Ave Chicago, IL 60640** | - | | | | | | | 4,231.17 |
| Account No. | | | | Phone equipment monthly service plan | | | | |
| **Mother G 248 Spring Lake Dr Itasca, IL 60143** | - | | | | | | | 90.00 |
| Account No. | | | | Phone equipment lease/purchase | | | | |
| **Mother G 248 Spring Lake Dr Itasca, IL 60143** | - | | | | | | | 119.87 |
| Account No. | | | | | | | | |
| **Multi-Media Sales & Marketing PO Box 5065 Buffalo Grove, IL 60089** | - | | | | | | | 250.00 |

Sheet no. __2__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

13,841.04

B6F (Official Form 6F) (12/07) - Cont.

In re   **Service Is Us, Inc.**                                    ,        Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **x xxxx xxxx 4149**<br><br>**People's Gas**<br>**Chicago, IL 60687** | - | | | Account current - for notice purposes only | | | | 0.00 |
| Account No. **x xxxx xxxx 4168**<br><br>**People's Gas**<br>**Chicago, IL 60687** | - | | | Account current - for notice purposes only | | | | 0.00 |
| Account No.<br><br>**Professional Staffing Services**<br>**4007 N Oketo Ave**<br>**Norridge, IL 60706** | - | | | | | | | 773.44 |
| Account No. **xx0573**<br><br>**Specialty Office Products**<br>**3673 Woodhead Dr**<br>**Northbrook, IL 60062** | - | | | Monthly copier service agreement | | | | 75.00 |
| Account No.<br><br>**Temp Pay/JAF Station**<br>**C/O Top Shelf Staffing**<br>**PO Box 3249**<br>**New York, NY 10116** | - | | | | | | | 5,137.63 |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

5,986.07

B6F (Official Form 6F) (12/07) - Cont.

In re    **Service Is Us, Inc.**                                              ,    Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxx069-4** <br><br> **USA Mobility Wireless Inc** <br> **PO Box 660770** <br> **Dallas, TX 75226** | - | | | Account current - for notice purposes only | | | | 0.00 |
| Account No. **xxxxxxxx-x0001** <br><br> **Verizon Wireless** <br> **PO Box 4002** <br> **Acworth, GA 30101** | - | | | Account current - for notice purposes only | | | | 329.28 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __4__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 329.28 |
| | Total (Report on Summary of Schedules) | 138,706.31 |

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Service Is Us, Inc.** _____   Case No. _____
                                          Debtor(s)        Chapter  **11** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **20,000.00** |
| Prior to the filing of this statement I have received | $ | **20,000.00** |
| Balance Due | $ | **0.00** |

2.   $  **1,046.00**  of the filing fee has been paid.

3.   The source of the compensation paid to me was:

   ■ Debtor        ☐ Other (specify):

4.   The source of compensation to be paid to me is:

   ☐ Debtor        ■ Other (specify):   **Debtor - see engagement letter attached as Exhibit A**

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
       **Adversary proceedings regarding discharge or dischargeability of debt and other contested bankruptcy matters**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **March 11, 2012** _____        **/s/ Joseph A. Baldi**
                                                       **Joseph A. Baldi 00100145**
                                                       **Baldi Berg & Wallace, Ltd.**
                                                       **19 South LaSalle Street**
                                                       **Suite 1500**
                                                       **Chicago, IL 60603**
                                                       **312-726-8150  Fax: 312-332-4629**
                                                       **jabaldi@ameritech.net**

---

March 1, 2012

**Via E-Mail**

D. Todd Armbruster
President
Service Is Us, Inc.
5459 N. Broadway
Chicago, IL 60640

**Re:     Service Is Us, Inc. – Chapter 11 bankruptcy case engagement agreement**

Dear Mr. Armbruster:

This letter will confirm your engagement of the law firm of Baldi Berg & Wallace, Ltd. ("BBW" or "the Firm"), a professional corporation engaged in the practice of law. Pursuant to the terms set forth herein, BBW will represent your company, Service Is Us, Inc. (the "Client")  in connection with the preparation and filing of a chapter 11 bankruptcy proceeding (the "Bankruptcy Case") which will be filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

Services to be Rendered:

The services BBW will provide to you include the following:
- Analysis of Client's financial condition and general consultation with Client regarding the bankruptcy process and creditors' rights;
- Preparation of all documents for filing the Bankruptcy Case and analysis of any and all proceedings occurring in the Bankruptcy Case hereafter;
- Advising Client of its rights, duties and powers as a debtor-in-possession, including the continued operation of Client's business operations;
- Advising and assisting Client in the negotiation, formulation and preparation of a disclosure statement and plan of reorganization;
- Advising and assisting Client in efforts to confirm and consummate a plan of reorganization;
- Advising Client regarding any motions, contested matters or adversary proceedings which may be filed in the Bankruptcy Case, including motions for relief from the automatic stay, motions to covert the Bankruptcy Case to one under chapter 7 of the Bankruptcy Code, and any objections or responses to motions or other pleadings filed by others;
- Review and analysis of all liens, claims or encumbrances asserted against Client or its assets in the Bankruptcy Case;

- Preparation of all applications, motions, pleadings, claim objections, monthly operating reports and other legal papers to be filed by or on behalf of Client in connection with the Bankruptcy Case;
- Communicating with Client's creditors and other parties in interest and/or their attorneys, as necessary.

Our representation of Client in any matters arising and not covered by this Engagement Agreement will be subject to a separate engagement agreement. It is expressly understood and agreed that this Engagement Agreement does not obligate BBW to provide representation or legal services beyond those described above. It is further understood that matters dealing with the claim(s) of the Internal Revenue Service in this case may require a particular expertise in tax matters and in such event, Client agrees to authorize BBW to retain special counsel to provide expertise in such matters.

Fees and Charges for Services and Terms of Payment:

BBW agrees to represent Client in exchange for a reasonable attorneys' fee calculated upon and billed at BBW' customary hourly rates, which are based upon the experience of the attorneys and paralegals handling the matter. BBW's current hourly rates are:

| | |
|---|---|
| Joseph A. Baldi - Principal | $450/hour |
| Donna B. Wallace – Principal | $350/hour |
| Elizabeth C. Berg – Principal | $300/hour |
| Julia D. Loper – Associate | $235/hour |
| Paralegals | $195/hour |
| Clerk | $85 to 100/hour |

These rates may change from time to time in accordance with BBW's established billing practices and procedures.

Before proceeding further with the representation, we ask that you pay the Firm an initial advance payment retainer in the amount of $21,046.00 prior to our undertaking your representation in the Bankruptcy Case. This retainer is non-refundable, will not be held in the client trust account of BBW, and will be treated as income by BBW upon its receipt, whereupon it will be deposited into the general account of BBW. This retainer is the property of BBW and Debtor retains no legal or equitable interest in the retainer. In the event that the legal services and expenses incurred exceed this retainer, it is understood that BBW shall be entitled to additional monies to account for the difference.

It is understood that due to the nature of the representation and the substantial risk to BBW that BBW may receive no further fees, BBW is unwilling to represent Client without the payment of such advance payment retainer and that the decision to pay an advance payment retainer to BBW was the choice of Client, after consideration of other retainer options. Client acknowledges that the specific purpose of such advance payment retainer is to assure Client of legal representation at least until such time as the retainer is exhausted, and that the advantage to Client of such a retainer, is that it provides such

We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code

assurance by reducing the risk of creditor attachment of such a retainer and without the necessity of seeking bankruptcy court and/or creditor approval with respect to same.

BBW will prepare periodic billing invoices containing a detailed description of the services rendered by the Firm on behalf of Client, and, in compliance with the requirements of applicable bankruptcy law, we will periodically present our invoices to the Bankruptcy Court for approval. Once a fee application has been approved, BBW will submit its billing invoice, along with a copy of the court order approving same, to Client for payment.

Any expenses incurred and disbursements made by BBW on your behalf will be set forth on the Firm's invoices and included in our fee applications. Client will be responsible for all expenses allowed and approved by the Bankruptcy Court, in addition to our attorneys' fees. Expenses may be incurred for photocopying, extraordinary postage for service of court-required notices, deposition costs, and other costs incurred in the course of the Firm's representation of Client.

Responsibilities of Client:

Client agrees to:
- Discuss with BBW its objectives, goals and strategy in the continuing prosecution of the Bankruptcy Case;
- Provide BBW with full, accurate and timely information and documentation, financial or otherwise, as requested by BBW;
- Timely provide BBW with any additional documents or information requested by the creditors or other parties in interest in the Bankruptcy Case;
- Notify BBW of any change in address or telephone number.

It is understood that the failure of Client to cooperate fully with BBW or comply with any court order may result in BBW filing a motion to withdraw from representation of Client.

Miscellaneous:

Client agrees that:
- Any modification of this Engagement Agreement must be in writing and must be signed by Client and an attorney of the Firm;
- The Firm does not guarantee the accomplishment of any result, but will put forth its best efforts on behalf of the Client.

If this Engagement Agreement letter accurately represents your understanding of the proposed representation, please sign a copy of the letter and return it to our offices. Our representation of you will not begin until this agreement is signed and we have received from you the agreed upon advance payment retainer.

We are a Debt Relief Agency. We assist people in filing for relief under the Bankruptcy Code

Thank you for the opportunity to be of service to you. We look forward to a successful relationship with you. Should there be any questions concerning our representation, please do not hesitate to contact the undersigned.

Very truly yours,

**Baldi Berg & Wallace, Ltd.**

Joseph A. Baldi

AGREED, ACCEPTED AND UNDERSTOOD:
Service Is Us, Inc.

By: _____

D. Todd Armbruster, president

We are a Debt Relief Agency.  We assist people in filing for relief under the Bankruptcy Code

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Service Is Us, Inc.** _____,    Case No. _____

                                    Debtor

                                                        Chapter_____**11**_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **D Todd Armbruster**<br>**5687 N Ridge Avenue**<br>**Chicago, IL 60660** | **Common** | **1000** | **100%** |

# DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date_____**March 11, 2012**_____        Signature__**/s/ David Todd Armbruster**_____
                                                        **David Todd Armbruster**
                                                        **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

_**0**_____ continuation sheets attached to List of Equity Security Holders

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Service Is Us, Inc.**
_____
                        Debtor(s)

Case No. _____
Chapter    **11**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **25**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **March 11, 2012**
_____

**/s/ David Todd Armbruster**
_____
**David Todd Armbruster**/President
Signer/Title

AT&T


Best Waiters of Chicago
3 Lorraine Ave.
Woodridge, IL 60517


Chartis Spec Wk Comp
22427 Network Place
Chicago, IL 60673


City of Chicago - Dept. of Revenue
33 N. LaSalle St, Ste 700
Chicago, IL 60602


City of Chicago - Dept. of Revenue
33 N. LaSalle St, Ste700
Chicago, IL 60602


Cole Taylor Bank/Card Member Services
PO Box 790408
St. Louis, MO 63179


Com Ed
Bill Payment Center
Chicago, IL 60668


Dale & Gensburg PC
200 W. Adams St. Ste 2425
Chicago, IL 60606


David Todd Armbruster
5687 N. Ridge Ave.
Chicago, IL 60640


DEX ONE
PO Box 9001401
Louisville, KY 40290


IDES
33 S. State St, 10th flr
Chicago, IL 60603

Illinois Dept of Revenue
PO Box 19006
Springfield, IL 62794


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn
Chicago, IL 60604


Internal Revenue Service
Cincinnati, OH 45999-0025


Kipnis Rosen & Bloom
5550 W. Touhy Ave.
Skokie, IL 60077


Mohammed Rahman
4907 N. Winthrop Ave
Chicago, IL 60640


Mother G
248 Spring Lake Dr
Itasca, IL 60143


Multi-Media Sales & Marketing
PO Box 5065
Buffalo Grove, IL 60089


People's Gas
Chicago, IL 60687


Professional Staffing Services
4007 N Oketo Ave
Norridge, IL 60706


Shaker Auto Lease
26671 Renaissance Pkwy
Warrensville, OH 44128


Specialty Office Products
3673 Woodhead Dr
Northbrook, IL 60062

```
Temp Pay/JAF Station
C/O Top Shelf Staffing
PO Box 3249
New York, NY 10116


USA Mobility Wireless Inc
PO Box 660770
Dallas, TX 75226


Verizon Wireless
PO Box 4002
Acworth, GA 30101
```

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Service Is Us, Inc.**

Debtor(s)

Case No.

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Service Is Us, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**March 11, 2012**

Date

**/s/ Joseph A. Baldi**

**Joseph A. Baldi 00100145**

Signature of Attorney or Litigant

Counsel for   **Service Is Us, Inc.**

**Baldi Berg & Wallace, Ltd.**
**19 South LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**
**312-726-8150 Fax:312-332-4629**
**jabaldi@ameritech.net**